<hr/>

SHIELS *et al.* v. WORTMANN *et al.*

(*Supreme Court, General Term, Second Department.* February 10, 1890.)

COSTS—EXTRA ALLOWANCE—NONSUIT.

Beneficiaries under a will sued the widow and executor, alleging fraud and collusion on their part in obtaining property of the estate, and consented to a nonsuit, but subsequently had the default opened. After the case had been on the day calendar ready for trial for seven days, they again consented to a nonsuit; the reason assigned being that the executor had fully accounted before the surrogate. *Held,* that the defendants were entitled to an extra allowance.

Appeal from special term, Kings county.

Action by Andrew J. Shiels and others against Sigismund B. Wortmann and Margaret Smith, to recover damages for alleged misconduct of defendant Wortmann, as executor, etc., of Thomas Smith, and of his co-defendant, by collusion to defraud plaintiffs. Plaintiffs consented to a nonsuit. Defendants appeal from the order denying their motion for an extra allowance.

Argued before BARNARD, P. J., and DYKMAN, J.

*Johnston & Johnston,* for appellants. *William J. Gaynor,* for respondents.

BARNARD, P. J. The case was a proper one for an additional allowance. One Thomas Smith died, leaving a will, by which he made his widow, Mar-

garet Smith, and the defendant Wortmann his executors. Wortmann alone qualified. The complaint alleges that the executor Wortmann and the widow by fraud and collusion obtained a large part of the property of deceased. The plaintiffs are children of testator's sister, and are entitled to distribution under the will. Answer was put in denying the fraud, and Wortmann alleged a full settlement of his doing before the surrogate of the proper county. The plaintiffs consented to a nonsuit, and subsequently had the default opened, after some delay in performing a condition imposed upon opening the same. The case went upon the day calendar, and was there ready for trial for seven days. Upon the call of the case, and at the commencement of the trial, the plaintiffs again submitted to a nonsuit. It appears that the defendant Wortmann has finally accounted before the surrogate, and that is the reason assigned for the abandonment of the prosecution of the trial. The defendants ought to be compensated by an extra allowance. . The order is reversed, with costs and disbursements.

The motion cannot properly be granted. The amount is to be settled according to the discretion of the special term.